IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE A. THOMAS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-2161 |
| | : | |
| v. | : | |
| | : | |
| DISTRICT ATTORNEY JOHN | : | |
| MORGANELLI and DETECTIVE | : | |
| FRANCIS JORDAN, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                December 7, 2016

The *pro se* plaintiff brought this action under 42 U.S.C. § 1983 against a county district attorney and a detective employed by the district attorney's office, alleging that they violated his constitutional rights by charging him with a violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("the Wiretapping Act"), 18 Pa. C.S. §§ 5701 *et seq.*, after he surreptitiously recorded his court proceedings for violating a local noise ordinance. The defendants have filed a motion to dismiss the complaint, contending that they are entitled to absolute prosecutorial immunity from § 1983 liability. Because absolute immunity bars the plaintiff's § 1983 claim for compensatory and punitive damages, and the court lacks authority to enter the injunctive relief the plaintiff seeks, the court will grant the motion to dismiss.

**I.     ALLEGATIONS AND PROCEDURAL HISTORY**

This lawsuit stems from state court proceedings in which the *pro se* plaintiff, Dale Thomas ("Thomas"), was convicted of violating a Bushkill Township noise ordinance. In 2011, the Bushkill Township Police issued Thomas two citations for barking dogs at his home.

Complaint at ECF p. 7, Doc. No. 3.[1] Thomas pleaded not guilty, and on March 2, 2012, Magisterial District Judge Douglas Schlegel ("Judge Schlegel") held two summary trials. *Id*. Judge Schlegel found Thomas guilty of the violations, and Thomas appealed to the Northampton County Court of Common Pleas. *Id.* On November 14, 2012, Judge Emil Giordano ("Judge Giordano") held a *de novo* hearing and found Thomas guilty of both violations. *Id.* Without either Judge Schlegel or Judge Giordano's knowledge or approval, Thomas recorded the court proceedings with an audio recording device. *Id.*

On February 29, 2014, Thomas filed private criminal complaints with Northampton County District Attorney John Morganelli ("Morganelli") against Judge Schlegel and Bushkill Township Police Officer Crystal Happel ("Officer Happel"), who issued one of Thomas's citations and testified at one of the summary trials. *Id.* at ECF pp. 2, 7. In the private criminal complaints, Thomas contended that Judge Schlegel and Officer Happel had tampered with evidence during his trials. *Id.* at ¶ 1, Doc. No. 3. Specifically, Thomas asserted that the notice he received of the noise ordinance violations did not comply with local regulations, that Officer Happel falsely testified about the Bushkill police mailing a proper notice of violations to him, that the allegedly proper notice about which Officer Happel testified was not admitted into evidence, and that Judge Schlegel falsely told him that the court did not have a copy of the proper notice. *Id.* at ECF p. 7. Thomas provided Morganelli and a detective at the District Attorney's Office, Detective Francis Jordan ("Jordan"), with a compact disc containing his audio recordings of the trials to support his complaints. *Id*. at ¶ 2.

---

[1] The information about the proceedings relating to the noise ordinance violation is contained in an affidavit of probable cause attached to the complaint. The defendants reference this procedural history in their brief in support of the motion to dismiss and the plaintiff agreed that this history is accurate. *See* Brief in Supp. of Defs.' Mot. to Dismiss Compl. Pursuant to Fed.R.Civ.P. 12(b)(6) at 2, Doc. No. 7-2; Brief in Opposition to Motion to Dismiss at 1, Doc. No. 12.

On April 25, 2014, Jordan asked Thomas to come to the District Attorney's Office for an interview, told him that Officer Happel had not engaged in any wrongdoing at his trials, and informed him that Morganelli would charge him for violating the Wiretapping Act because he surreptitiously recorded the proceedings before Judges Schlegel and Giordano. *Id.* at ¶¶ 3-4. On the same day, Morganelli denied Thomas's criminal complaints, thus declining to prosecute Judge Schlegel and Officer Happel for tampering with evidence at his trials. *Id.* at ¶ 5.

On May 2, 2014, Morganelli charged Thomas with violating the Wiretapping Act. Thomas contends that he warned Jordan that recording court proceedings is not a crime. *Id.* at ¶ 18. The affidavit of probable cause, dated April 30, 2014, states that "Mr. Thomas attempted to secure a copy of the letter that was not offered for evidence." *Id.* at ECF p. 7. Thomas contends that this statement is false because the notice was introduced at his trials, and that Morganelli and Jordan lacked probable cause to charge him. *Id.* at ¶¶ 9, 11. He also contends that the affidavit of probable cause improperly characterized the court proceedings as "private conversations" that would fall within the Wiretapping Act. *Id.* at ¶ 21.

Morganelli withdrew the Wiretapping Act charges against Thomas on May 13, 2014. *Id.* at ¶ 24. On May 16, 2014, Thomas attempted to file a petition for review of Morganelli's denial of his private criminal complaints, but the Northampton County Clerk of Court directed him to file the petition with the District Attorney's Office. *Id. at* ¶ 6. The state court has yet to rule on the petition for review, but it is unclear whether Thomas properly filed the petition with the court. *Id.* at ¶ 7.

Thomas filed the instant lawsuit against Morganelli and Jordan on May 4, 2016. In the complaint, Thomas contends that (1) Morganelli and Jordan violated his constitutional rights to due process and equal protection of the laws in failing to prosecute Judge Schlegel and Officer Happel for tampering with evidence, and instead charging Thomas with violating the

3

Wiretapping Act, and (2) Morganelli and Jordan violated his Fourth Amendment rights due to false arrest and malicious prosecution. *Id.* at 2, 4.

On October 24, 2016, the defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 7. The court heard oral argument on the defendants' motion at the initial pretrial conference on November 10, 2016. Doc. No. 11. After requesting and receiving an extension of time to respond to the motion to dismiss, Thomas filed a response in opposition to the defendants' motion on December 4, 2016. Doc. No. 12.

## II.     DISCUSSION

### A.     Standard of Review for Rule 12(b)(6) Motions to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[2] *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Analysis

In the complaint, Thomas seeks compensatory and punitive damages pursuant to § 1983 for the defendants' alleged violations of his constitutional rights. Additionally, Thomas seeks injunctive relief, requesting that the court compel Morganelli to forward the petition for review of his denial of Thomas's private criminal complaints to the state court, and compel the state court to invalidate his convictions of violating the local noise ordinance. The court need not address the merits of Thomas's § 1983 claim because both forms of relief he seeks are unavailable.

#### 1. Compensatory and Punitive Damages

Whether Thomas's claims for damages under § 1983 can survive a motion to dismiss depends on whether Morganelli and Jordan are immune from liability under either the doctrine of absolute prosecutorial immunity or qualified immunity. Because Jordan is an employee of the

---

[2] Similar to the court's review as to whether a *pro se* complaint is frivolous, the court is mindful that no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

District Attorney's Office, the court will analyze the defendants' immunity defenses together. *See Moore v. Middlesex Cty. Prosecutors Office*, 503 F. App'x 108, 109 (3d Cir. 2012) ("The employee of an attorney, including the employee or agent of a prosecutor, is also granted absolute immunity from § 1983 suits where the function of the employee and the judicial process are closely allied."); *Davis v. Grusemeyer*, 996 F.2d 617, 631 (3d Cir. 1993) (holding that a detective who acts as the prosecutors' agent enjoys the same immunity as the prosecutor), *overruled on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998).

Prosecutors enjoy absolute immunity from § 1983 liability for quasi-judicial acts, which are acts undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In contrast, prosecutors enjoy only qualified immunity for "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.*

As the defendants contend, they are entitled to absolute immunity from liability for the decisions not to prosecute Judge Schlegel and Officer Happel and to charge Thomas with violating the Wiretapping Statute. Defendants' Mem. in Supp. of Mot. to Dismiss at 5, Doc. No. 7-2. A prosecutor's decision to bring charges against an individual is a quasi-judicial decision entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) ("The decision to initiate a prosecution is at the core of a prosecutor's judicial role."). Thus, the decision to charge Thomas, and the decision not to charge Judge Schlegel and Officer Happel, may not form the basis of a § 1983 suit for damages against the defendants.

In his response in opposition to the motion to dismiss, Thomas contends that the defendants are entitled only to qualified immunity because the conduct that violated his constitutional rights was investigatory, rather than quasi-judicial, in that it involved an investigation into his recording the proceedings before Judges Schlegel and Giordano. Plaintiff's Resp. in Opp. at 2, Doc. No. 12. According to the factual allegations in the complaint, however, it appears that the defendants did not investigate Thomas at all—Jordan told Thomas that Morganelli was going to charge him with violating the Wiretapping Statute only after Thomas himself provided Morganelli with a compact disc containing the audio recordings attached to Thomas's private criminal complaints. The complaint contains no allegation that either Morganelli or Jordan conducted any independent investigation of Thomas.

In his response, Thomas also contends that the defendants' determination that probable cause existed also violated his constitutional rights.[3] Plaintiff's Resp. in Opp. at 3. He cites *Walker v. Clearfield County District Attorney*, 413 F. App'x 481 (3d Cir. 2011), an unpublished Third Circuit opinion in which the court stated that "when prosecutors perform investigatory functions, like determining whether there is probable cause to arrest a suspect, they are entitled only to qualified, and not absolute, immunity." *Id.* at 483 (citing *Buckley*, 509 U.S. at 275-76). Thomas, however, has taken the Third Circuit's words out of context. In *Walker*, the plaintiff alleged that the prosecutor "intentionally manufactured false witness testimony against him, and then used that testimony as the basis on which to file criminal charges." *Id.* at 482. Thus, in that case, the prosecutor was involved in determining whether there was probable cause, and allegedly engaged in wrongdoing *to create* probable cause. The decision that probable cause

---

[3] Whether or not there was, in fact, probable cause to arrest Thomas is beyond the scope of the court's inquiry. That issue is relevant to the merits of Thomas's constitutional claims, but is not relevant to the question of whether Morganelli and Jordan are entitled to an absolute immunity defense. Even if probable cause to arrest Thomas did not exist, Morganelli and Jordan would still be entitled to absolute immunity from liability. *See Buckley*, 509 U.S. at 274 n.5 ("We have found a common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether he has probable cause or not.").

7

existed alone did not form the basis of the constitutional claim. *See also, Buckley*, 509 U.S. at 275-76 (holding that qualified immunity, rather than absolute immunity, applies to prosecutors "when conducting investigative work *themselves* in order to decide whether a suspect may be arrested" (emphasis added)). In this case, Thomas has failed to point to any concrete investigative conduct leading to the decision that probable cause existed, or to any pre-charge conduct at all apart from the initiation of criminal proceedings against him. The decision to initiate criminal proceedings is "at the core of a prosecutor's judicial role." *Kulwicki*, 969 F.2d at 1463. Thus, the defendants are entitled to absolute immunity from monetary liability under § 1983, and the court will dismiss those claims.[4]

### 2. Injunctive Relief

While prosecutorial immunity renders the defendants immune from monetary liability, that doctrine is not a defense to Thomas's claims for injunctive relief. *Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736-37 (1980). First, Thomas asks the court to compel Morganelli to forward the petition for review of his denial of Thomas's private criminal complaints against Judge Schlegel and Officer Happel to the state court. Thomas, however, lacks standing to seek such relief. More specifically, he "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Even if Thomas did have standing to seek review of the private criminal complaints, private individuals have no statutory, common law, or constitutional right to an investigation of

---

[4] Thomas also contends that, according to clear case law, he did not violate the Wiretapping Act when he recorded the court proceedings. Thus, he contends that the defendants were negligent in not properly researching the law before deciding that probable cause to arrest him existed. Plaintiff's Resp. in Opp. at 4. As Thomas correctly points out, mere negligence is sufficient to establish liability under § 1983 if negligence is sufficient to establish the underlying violation of federal law. *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997). The fact that § 1983 does not contain a state-of-mind requirement does not, however, eliminate a defendant's qualified immunity defense. *See, e.g., Pitchford v. Borough of Munhall*, 631 F. Supp. 2d 636, 652 (W.D. Pa. 2007) ("A constitutional violation having been established, it remains to be determined which, if any, of the [defendants] are entitled to qualified immunity."). Moreover, even if a prosecutor acts "without a good faith belief that any wrongdoing has occurred," the prosecutor is still absolutely immune when making the decision to initiate a prosecution. *Kulwicki*, 969 F.2d at 1463-64.

such complaints. *Fuchs v. Mercer Cty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (citing *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)).

Second, Thomas asks the court to compel the state court to invalidate his convictions of violating the local noise ordinance. The court lacks jurisdiction to do so. Review of Thomas's convictions is within the state appellate court's jurisdiction, and a federal court may not "compel a state court to exercise a jurisdiction entrusted to it" or "review a decision of a state tribunal." *In re Grand Jury Proceedings*, 654 F.2d 268, 278 (3d Cir. 1981). Thus, the court will also dismiss Thomas's claims for injunctive relief.[5]

### III.   CONCLUSION

Assuming the veracity of the allegations contained in the complaint, Thomas has failed to state a claim on which relief can be granted. The defendants are entitled to absolute immunity from liability for damages under § 1983, and the court lacks the authority to grant the injunctive relief Thomas seeks. Thus, the court will grant the defendants' motion to dismiss the complaint. Based on both the complaint and the plaintiff's representations on the record at oral argument, the plaintiff's main grievances seem to be with the proceedings in state court and with the police. Any leave to amend the complaint against the defendants in the instant lawsuit would be futile, as their only actions with respect to the plaintiff are protected by absolute immunity as discussed above. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it

---

[5] In his opposition to the defendants' motion to dismiss, Thomas also mentions fraud, perjury, mistake of law, violations of the Pennsylvania Rules of Professional Conduct, and false statements to the press. Thomas, however, did not include such claims in the complaint against the defendants. Further, to the extent that Thomas seeks relief under those claims, once the court dismisses Thomas's federal constitutional claims, the court will no longer have jurisdiction to address any such state common law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The court also declines to address any factual allegations against Judge Schlegel or Officer Happel because they are not defendants in this lawsuit.

is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). Accordingly, the court will dismiss the plaintiff's claims with prejudice.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.